In the Matter of the Arbitration between LENORE ADAMS, Respondent, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.

First Department, May 11, 1976

*Dolores Gerber* of counsel *(DeSantis, McGarry, Totura & Hargous,* attorneys), for appellant.

*Stephen A. Weinstein* of counsel *(Halper, Passick, Prince & Weinstein,* attorneys), for respondent.

MURPHY, J. Petitioner was the victim of a hit-and-run accident and covered under a policy of insurance issued by respondent to one Dorothy A. Jarvis. She received "first party benefits" under the Comprehensive Automobile Insurance Reparation Act (Insurance Law, § 670 *et seq.;* the "no-fault law") from respondent in excess of $10,000 and served a demand for arbitration under the policy's uninsured motorist clause. The arbitrator awarded her $10,000 "exclusive of medical expenses paid or payable under the medical payment provisions of the policy." On the motion below to confirm the arbitration award, Special Term rejected respondent's claim that it was entitled to offset the payment made under no-fault coverage against the amount due under the award. We agree with such determination.

Initially, and contrary to respondent's assertion hereon, we find nothing in the policy which authorizes the alleged right of offset. The reduction referred to in the uninsured motorist clause clearly applies only to amounts paid under similar insurance or statutory benefits; and not to benefits payable under the no-fault law.

It is undisputed that petitioner suffered a "serious injury" as defined under the law. (Insurance Law, § 671, subd 4.) Accordingly, she was not precluded from bringing an action in negligence for recovery of damages to compensate her for her personal injuries, including conscious pain and suffering, against the party culpable. The only restriction is that she could not sue another "covered person" for her "basic economic loss". (Insurance Law, § 671, subd 1; § 673, subds 1, 3.) No such statutory restriction applies in the case of a suit brought against a noncovered person, such as an uninsured motorist (including, under the uninsured motorist indorsement, the owner or operator of a "hit-and-run automobile").

Since a recovery in a permissible action by a covered person against another covered person will not include the basic economic loss payable under the no-fault clause, a double regainment, with the concomitant right of recoupment by an insurance company, is nonexistent.

Accordingly, only in an action by or on behalf of a covered person against a noncovered person, when a right of recovery for basic economic benefits continues to exist, does the law grant "an insurer which paid or is liable for first party benefits on account of such injuries * * * a lien against any recovery *to the extent of benefits paid or payable by it to the covered person.*" (Insurance Law, § 673, subd 2; emphasis added.) The legislative intent is manifest; a covered person is not entitled to a windfall.

But this is not the situation in the instant case. Petitioner did not recover twice for the same injury; nor was there any overlapping of the awards. No claim was submitted to the arbitrator for medical or other out-of-pocket expenses payable under the no-fault law; and such expenses were specifically excluded from the award. Therefore, no double payment occurred (cf *Matter of Hutchinson [Hartford Acc. & Ind. Co.],* 34 AD2d 1010).

It has been suggested that an apparently incongruous result has been reached here because petitioner is reaping greater benefits as the victim of a hit-and-run accident than if the offender was known. However, such is not the case. If the offender was known, and insured, petitioner could not sue him for her medical and other expenses which comprise her "basic economic loss"; only for her "non-economic loss" (Insurance Law, § 673, subd 1.) The effect of the instant award (except to the extent of the $10,000 limitation of liability contained in

the uninsured motorist clause) is to place her in the same, but not in any better, position.

Any contrary determination would, as Justice SAYPOL recently and succinctly stated: "lead to the anomalous result that the insured would be paying his own no-fault benefits out of the compensation for his pain and suffering, items specifically excluded from no-fault payments." *(Matter of Spitaleri [Hartford Acc. & Ind. Co.],* NYLJ, Dec. 16, 1975, p 5, col 4.)

Finally, to the extent that the Insurance Department regulation cited by the respondent (11 NYCRR 65.6 [q]) mandates a different result, we conclude that it conflicts "with the provisions of the statute [and is] inconsistent with its design and purpose" and should, therefore, be given no weight. *(Connolly v O'Malley,* 17 AD2d 411, 417.)

In light of the foregoing, judgment of Supreme Court, New York County (GELLINOFF, J.), entered October 15, 1975, should be affirmed, with costs.

STEVENS, P. J., MARKEWICH, SILVERMAN and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, entered on October 15, 1975, unanimously affirmed. Petitioner-respondent shall recover of respondent-appellant $60 costs and disbursements of this appeal.