OPINION OF THE COURT
Arnold L. Fein, J.
This is a motion by petitioner inappropriately styled as a motion to dismiss a special proceeding which petitioner heretofore brought to stay arbitration of an uninsured motorist claim sought by respondent-claimant. Petitioner’s application is premised upon the ground that respondent has already recovered no-fault benefits in the sum of $21,722.65, far in *844 excess of the $10,000 which may be recovered under the uninsured motorist indorsement.
Upon this basis, petitioner apparently seeks a permanent stay of arbitration. The insurer claims to be entitled to a setoff in the uninsured motorist proceeding for no-fault benefits previously paid. The insurer contends it is entitled to such setoff by virtue of its reduction in the premium, allegedly in accordance with the regulations of the Insurance Department (11 NYCRR 65.6 [q]).
The Appellate Division in this Department has expressly held that to the extent that the insurance regulations are inconsistent wdth the design and purpose of the statute, they may be given no weight. (Matter of Adams [Government Employees Ins. Co.], 52 AD2d 118.) In Adams (supra) the Appellate Division, in reliance upon Matter of Spitaleri (Hartford Acc. & Ind. Co.) (88 Misc 2d 431), unanimously laid to rest and rejected the suggestion that an insurer is entitled to a lien under the uninsured motorist indorsement for amounts paid under no-fault coverage (see, also, Matter of Szeszku [Government Employees Ins. Co.], 87 Misc 2d 22; Matter of Matos [Government Employees Ins. Co.], NYLJ, April 2, 1976, p 11, col 6).
 The reduction in premium does not mandate a contrary result to that here reached. Benefits payable under the uninsured motorist indorsement are not duplicative of those recoverable under no-fault coverage. Each right to recovery is premised on different legal grounds and there is no double recovery. Adams (supra) clearly establishes that it is the absence of such an alleged lien which places a person injured by an uninsured motorist in the same legal position as a person injured by one who has insurance, albeit there is a practical limitation by reason of the $10,000 limitation of liability in the uninsured motorist clause. In both cases, medical and other expenses which constitute "basic economic loss” are to be recovered under no-fault. In neither case is there a double recovery as to such benefits. (See Matter of Adams [Government Employees Ins. Co.], 52 AD2d 118, 120, supra.) The insurer’s alleged reduction of the premium by $1 from $3 to $2, cannot be used as a basis for forfeiture of the statutorily required uninsured motorist provision and its benefits contemplated by the statute.
Accordingly, this application by petitioner is denied in all respects.
*845 Serve a copy of this order with notice of entry without undue delay.
Settle judgment.