■ ROYAL GLOBE INSURANCE COMPANY, Respondent, v JAMES CONNOLLY, Appellant.—Order and judgment unanimously reversed on the law with costs and judgment entered in favor of respondent Connolly in accordance with the following memorandum: James Connolly, the victim of a hit-and-run-accident, was covered under an automobile insurance policy issued by Royal Globe Insurance Company to one Margaret Dolan. Following the accident, Connolly made a claim pursuant to the "Personal Injury Protection Endorsement" (no-fault) of the policy for medical bills and lost earnings. Pursuant to this claim Royal Globe paid Connolly the sum of $7,250.84. Thereafter, Connolly served a demand for arbitration upon Royal Globe seeking the sum of $10,000 for pain and suffering and permanent disability under the "Uninsured Motorist Endorsement" of the same policy. Royal Globe then made application for a judgment staying the arbitration, vacating the notice of intention to arbitrate and any other relief that the court deems just and proper on the ground that a preliminary issue as to Connolly's limit of liability must be determined before arbitration can proceed. Special Term ordered that the amounts paid to Connolly under the no-fault endorsement of the policy may be deducted from any recovery the respondent may obtain under the uninsured motorist endorsement of said policy. We cannot agree. The uninsured motorist endorsement of the policy provides in part: "5. Limits of Liability: (b) Any amount payable under the terms of this endorsement, including amounts payable for care or loss of services, because of bodily injury sustained by one person, shall be reduced by (1) X X X (2) All sums paid to one or more insureds on account of bodily injury sustained in the same accident under any insurance or statutory benefits similar to that provided by this endorsement". The no-fault endorse-

ment of the policy provides in part: "Reimbursement And Trust Agreement. To the extent that the company pays first party benefits, the company is entitled to the proceeds of any settlement or judgment resulting from the exercise of any right of recovery for damages for personal injury under Section 673(2) of the New York Insurance Law. The Company shall have a lien upon any such settlement or judgment to the extent that the company has paid first party benefits". The reduction referred to in the uninsured motorist clause applies önly to amounts paid under similar insurance or statutory benefits; and not to benefits payable under the no-fault law *(Matter of Adams [Gov. Employees Ins. Co.]*, 52 AD2d 118, 119). Only in an action by or on behalf of a covered person against a noncovered person, when a right of recovery for basic economic benefits continues to exist, does the law grant "an insurer which paid or is liable for first party benefits on account of such injuries * * * a lien against any recovery to the extent of benefits paid or payable by it to the covered person" (Insurance Law, § 673, subd 2). The underlying legislative intent clearly is to prevent the covered person from receiving double payments for the same injury. In the instant situation, Connolly received first-party benefits under no-fault covering medical bills and lost earnings. He is seeking benefits under the uninsured motorist endorsement for permanent disability and pain and suffering. Therefore, he will not recover twice for the same injury nor will there be an overlapping award since the damages sought under the separate endorsements are distinct (cf. *Matter of Hutchison [Hartford Acc. & Ind. Co.]*, 34 AD2d 1010). We recognize that this interpretation of these two policy endorsements is contrary to rule 17 of the third amendment to Regulation No. 68 of the Regulations Implementing the Comprehensive Automobile Reparations Act which provides: "To the extent that the insurer pays first party benefits to an applicant, the insurer is entitled to recover such first party benefits from the proceeds of any settlement or judgment such applicant may receive for the same injury under the New York motor vehicle accident indemnification endorsement or the protection against uninsured motorist coverage" (11 NYCRR 65.6[q]). However, since such regulation conflicts "with the provisions of the statute [and is] inconsistent with its design and purpose" *(Connolly v O'Malley*, 17 AD2d 411, 417) we accord it no weight *(Matter of Adams [Gov. Employees Ins. Co.]*, supra, p 121). (Appeal from order and judgment of Erie Supreme Court—stay arbitration.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.