FRANK A. SCINTA, Respondent-Appellant, v JAMES KAZMIERC-ZAK, Defendant, and FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant-Respondent.

Fourth Department, November 14, 1977

*Schaus & Schaus (Maynard C. Schaus* of counsel), for appellant-respondent.

*Morris Lipsitz (James Malin* of counsel), for respondent-appellant.

DENMAN, J. Plaintiff, Frank A. Scinta, commenced an action against James Kazmierczak for injuries arising out of an incident which occurred when a vehicle owned and operated by Kazmierczak struck a parked vehicle, which in turn struck plaintiff, a pedestrian. Appellant, Fireman's Insurance Company of Newark, New Jersey, plaintiff's insurer, was never formally made a party to this action. Nevertheless, since the parties have litigated the issues twice in the court below and perfected this appeal, and because no objection has ever been raised to the jurisdictional defect, the parties were allowed to file a stipulation in this court which renominated all the prior papers and proceedings so that the proceedings are deemed to have been brought under CPLR 3001 for declaratory relief and the order is now denominated a judgment.

Fireman's has paid respondent, its insured, $10,560 as "additional first party benefits" under an "Additional Personal Injury Protection Endorsement" for which Scinta paid an additional premium. Under that endorsement, payment is awarded for "extended economic loss" over and above basic economic loss. Scinta has been receiving basic economic loss payments from Kazmierczak's insurer, Merchants Mutual Insurance Company, as first-party benefits under defendant's mandatory personal injury protection endorsement as required by article XVIII of the Insurance Law. Merchants has offered Scinta $10,000, the limit of liability on Kazmierczak's policy, in full settlement of the personal injury action for amounts over and above no-fault coverage. Fireman's asserts a lien against any settlement relating to this action, claiming that under the subrogation clause of its policy with plaintiff, it has a lien against any recovery up to the first $10,560 which it has paid to plaintiff.

The parties sought at Special Term to determine the validity of the asserted lien. Although the parties are in agreement that plaintiff was entitled to recover for extended economic loss under the additional endorsement in his policy with Fireman's, Special Term found that plaintiff was not entitled to payment under that endorsement, that the lien was invalid and the payment either improper or voluntary. The grounds given for the ruling were that since a pedestrian cannot be covered by his own mandatory endorsement, he is not covered by his own additional no-fault endorsement. Payment therefore was a mistake on the part of Fireman's and its recourse was to pursue an action against plaintiff for unjust enrichment. Both parties appeal from that determination.

The additional personal injury protection endorsement in plaintiff's policy with Fireman's is identical to the endorsement promulgated by the New York State Department of Insurance (11 NYCRR 65.3). Unlike the standard mandatory endorsement (11 NYCRR 65.2), the additional endorsement does not define "eligible injured persons." It does, however, contain the following language:

"ADDITIONAL PERSONAL INJURY PROTECTION ENDORSEMENT

"The Company agrees with the named insured, in accordance with this endorsement and the mandatory personal injury protection endorsement *to the extent that the mandatory endorsement is not modified by this endorsement* as follows:

"*Additional Personal Injury Protection*

"The Company will pay additional first-party benefits to reimburse for extended economic loss on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle and sustained by:

"(a) *a named insured* or any relative". (Emphasis added.)

It is therefore arguable under the above-stated language that although plaintiff would not be eligible for first-party benefits under the mandatory endorsement of his policy, the additional protection endorsement provides coverage for a different *group* of persons from those covered by the mandatory endorsement. If one determines that eligibility under the mandatory endorsement is conclusive on eligibility under the additional endorsement, then the insured can recover only increased amounts in those situations in which he would be eligible under the mandatory endorsement. Unfortunately,

there has apparently been no judicial construction of this doubtful language and the Department of Insurance has issued no clarification. In the absence of such clarification, ambiguities in the policy must be interpreted in favor of the insured. *(Government Employees Ins. Co. v Kligler,* 42 NY2d 863, 864-865; *State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587, 591.) Moreover, an insurance policy sets forth the contractual obligations of the parties and under basic contract law the intent of the parties at the time of entering the contract should be closely examined. *(McGrail v Equitable Life Assur. Soc.,* 292 NY 419, 424-425.) In the case before us, both parties agree that they intended the insured to be covered under the additional endorsement as a pedestrian.

In the absence of other interpretation of the language of the additional endorsement, and in view of the fact that the parties agree as to their intention with respect to its meaning, we abide by their interpretation on the facts of this case and hold that Special Term's finding that the payment was mistakenly made was in error.

Having so decided, it is then necessary to determine the extent of Fireman's right of subrogation to the rights of Scinta against defendant. Plaintiff has a cause of action against the defendant for pain and suffering and for extended economic loss. If the insured were permitted to keep the payment from Fireman's under his additional endorsement and recover from Kazmierczak for extended economic loss, he would sustain a double recovery. Such result is clearly not contemplated under the no-fault statutory scheme. Subrogation is the principle which exists to prevent double recovery by the insured and to force the wrongdoer to bear the ultimate costs. The purpose of the statutory scheme is to make whole an injured party, not to provide him with a windfall. Nevertheless, the insured should not be forced to pay for his no-fault benefits out of his recovery for pain and suffering. (See *Royal Globe Ins. Co. v Connolly,* 54 AD2d 1117; *Robideau v Aetna Cas. & Sur. Co.,* 54 AD2d 1055; *Matter of Granger v Urda,* 54 AD2d 377.)

Inasmuch as the possiblity exists that plaintiff could recover twice for his extended economic loss, Fireman's has a right of subrogation. The question is to what extent such right exists. Kazmierczak has offered to settle for $10,000, the full extent of his liability insurance. If Fireman's were to have a lien on the first $10,560, plaintiff would be deprived of damages for pain and suffering. The subrogation clause of the policy reads

as follows: "In the event of any payment *for extended economic loss,* the Company is subrogated *to the extent of such payments* to the rights of the persons to whom, or for whose benefit, such payments were made. Such person must execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing to prejudice such rights." (Emphasis added.)

Although the insurer is subrogated to the "rights" of the insured, those rights are not defined in the clause and it is therefore reasonable to interpret the clause as granting the right of subrogation only to the extent of plaintiff's claim for extended economic loss. Although inconsistent with the common-law principle against splitting a cause of action, such differentiation is necessary to preclude an insurer from being subrogated to a claimant's right to damages for pain and suffering. (See *Royal Globe v Connolly, supra; Robideau v Aetna Cas. & Sur. Co., supra; Matter of Granger v Urda, supra.)* Insurer is therefore entitled only to that portion of plaintiff's recovery against the defendant which is allocable to his claim for extended economic loss.

The judgment should be reversed and judgment entered in favor of plaintiff's insurer.

Marsh, P. J., Dillon, Hancock and Witmer, JJ., concur.

Judgment unanimously reversed, without costs, and judgment entered in favor of plaintiff's insurer in accordance with opinion by Denman, J.