■ UNITED STATES FIDELITY AND GUARANTY Co., Respondent, v STUYVESANT INSURANCE COMPANY, Appellant, et al., Defendants. (Appeal No. 1.)— Order unanimously reversed, with costs, motion denied and matter remitted to Special Term, Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff, United States Fidelity and Guaranty Company (hereinafter USF&G) insured an automobile owned and operated by Eisenhauer. Defendant, Stuyvesant Insurance Company (hereinafter Stuyvesant) insured a motorcycle owned and operated by Fleming. Eisenhauer was injured in a collision with Fleming's motorcycle. Through his attorney, Sommerstein, Eisenhauer made a claim against Fleming which was settled for the sum of $10,000 by Fleming's insurer, Stuyvesant. USF&G has instituted this action to impose a lien pursuant to subdivision 2 of section 673 of the Insurance Law for the first party benefits it has paid to its insured, Eisenhauer, (approximately $23,000) naming Eisenhauer, his attorney, Sommerstein, and Fleming's insurer, Stuyvesant, as defendants. From an order granting summary judgment in favor of USF &G against the defendant Stuyvesant for the full amount of the $10,000 settlement, Stuyvesant appeals. Because Fleming was operating a motorcycle he was not covered by no-fault benefits and was a "non-covered person" within the meaning of subdivision 2 of section 673 of the Insurance Law. (See *Stuyvesant Ins. Co. v United States Fid. & Guar. Co.*, 61 AD2d 1051.) Therefore, Eisenhauer was not precluded by subdivision 1 of section 673 of the Insurance Law, from suing Fleming for his basic economic loss (the amount paid to him as first-party benefits under the no-fault provisions) and a lien for the first-party benefits could properly be asserted by USF&G

under subdivision 2 of section 673 of the Insurance Law, which provides: "In any action by or on behalf of a covered person, against a non-covered person, where damages for personal injuries arising out of the use or operation of a motor vehicle in this state may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person." (See *Royal Globe Ins. Co. v Connolly*, 54 AD2d 1117, 1118; *Matter of Adams [Government Employees Ins. Co.]*, 52 AD2d 118.) It was error, however, to grant summary judgment for the full amount of the settlement. It has been held in this and other departments that "the insured should not be forced to pay for his no-fault benefits out of his recovery for pain and suffering." *(Scinta v Kazmierczak*, 59 AD2d 313, 316; see *Royal Globe Ins. Co. v Connolly, supra; Rabideau v Aetna Cas. & Sur. Co.*, 54 AD2d 1055; *Matter of Adams [Government Employees Ins. Co.]*, supra.), for the purpose of the lien allowed under subdivision 2 of section 673 of the Insurance Law is solely to prevent the possibility of a double recovery for basic economic loss by a covered person who has received first-party benefits *(Royal Globe Ins. Co. v Connolly, supra).* Therefore, USF&G should be entitled only to that portion of defendant Eisenhauer's recovery which is attributable to his claim for basic economic loss. *(Scinta v Kazmierczak, supra* p 317.) Accordingly, the order granting summary judgment should be reversed. A determination must be made as to what portion of the settlement, if any, reasonably represents basic economic loss for which Eisenhauer has received first-party benefits, considering all of the circumstances, including the intention of the parties in making the settlement agreement. The lien, if any, should be enforced against the proper defendants after ascertaining whether the $10,000 settlement has been paid. (See *Baker v Sterling*, 39 NY2d 397; *Scinta v Kazmierczak, supra.)* Inasmuch as the action to enforce a lien is equitable in nature, the questions pertaining to the amount of the lien and its enforcement should be resolved before the court without a jury. (See 35 NY Jur, Liens, § 43.) The matter therefore should be remitted to Special Term for an immediate determination of such issues. (CPLR 3212, subd [c].) (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr. and Denman, JJ.