■ In the Matter of BONNIE PAGE, Respondent, v COMMERCIAL UNION ASSURANCE COMPANY, Appellant.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Petitioner was injured in an automobile accident when an automobile owned and operated by Vincent Buccitelli, in which she was a passenger, was involved in a collision with a hit-and-run vehicle. Appellant is the insurer of the Buccitelli vehicle and paid petitioner all her medical expenses pursuant to the no-fault provisions of the policy. Thereafter, petitioner sought recovery under the uninsured motorist provision of the same policy. The arbitrator awarded her $6,378.30, "which award" the arbitrator stated "includes Medical and Hospital Expenses incurred by Bonnie Page in the Amount of Two Thousand and One Hundred Seventy-Eight Dollars/Thirty Cents ($2,178.30)." Special Term granted petitioner's motion to confirm the award and denied appellant's cross motion to vacate it. Appellant contends correctly that the arbitrator exceeded his power inasmuch as the contract between the parties provided: "(d) The company shall not be obligated to pay under this Coverage [uninsured motorist coverage] that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II [no fault]." Petitioner is an "insured" entitled to recover from the uninsured motorists within the definitions of the policy. By the terms of the contract agreeing to arbitration, appellant has expressly excepted its liability for the double payment of the medical expenses sought here. Nevertheless, the arbitrator's award specifically contains this damage resulting in a double recovery (cf. *Royal Globe Ins. Co.* ᵧ

*Connolly,* 54 AD2d 1117; *Matter of Adams [Government Employees Ins. Co.],* 52 AD2d 118, mot for lv to app dsmd 40 NY2d 1080). Insofar as it did so, the arbitrator exceeded the power granted to him by the contracting parties, and the award must be vacated *(Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451, 456). (Appeal from order of Erie Supreme Court —confirm arbitrator's award.) Present—Marsh, P. J., Moule, Simons, Dillon and Schnepp, JJ.