■ In the Matter of EUGENE E. ACKERMAN, Individually and as Father and Natural Guardian of DANIEL E. ACKERMAN, an Infant. LAWRENCE J. FORBES et al., Respondents; LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellant.—Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to Special Term, Supreme Court, Jefferson County, for further proceedings in accordance with the following memorandum: Lumbermen's Mutual Casualty Company, insurer of an automobile involved in a collision with a motorcycle on which infant, Daniel E. Ackerman, was riding as a passenger, and to whom it paid first-party benefits as a covered person, may assert a lien against the recovery in an action by the infant against the owner of the motorcycle, a noncovered person (Insurance Law, § 673, subd 2, amd eff Dec. 1, 1977). However, a determination must be made as to that portion of the recovery which represents basic economic loss for which the infant has received first-party benefits (*United States Fid. & Guar. Co. v Stuyvesant Ins. Co.*, 61 AD2d 1122; *Scinta v Kazmierczak*, 59 AD2d 313). Accordingly the proceeding is remitted to Jefferson County Supreme Court, Special Term, for an immediate determination of this issue (CPLR 3212, subd [c]). It is directed that Special Term consider the appointment of a guardian ad litem to protect the interests of the infant and that the reasonable compensation for the services of the guardian be paid by the insurers (CPLR 1202, 1204). (Appeal from order of Jefferson Supreme Court —lien.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ In the Matter of BILLIE G. JACKSON, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Appeal unanimously dismissed as moot. We have considered the merits and if we were to reach them we would affirm the judgment. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.