■ In the Matter of the Estate of ALFONSO BALADO, Deceased. EMILIA BALADO et al., Appellants; BELLA BALADO, Respondent. — In a probate proceeding, the appeal is from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated December 26, 1980, which, *inter alia,* directed that the instrument in question be admitted to probate, upon a directed verdict after a jury trial. Decree reversed, on the law, and new trial granted, with costs to abide the event, payable out of the estate only if the contestants shall be successful and if the proponent shall be successful then the costs of this appeal shall be payable by the contestants personally. CPLR 4519 (the "Dead Man's" statute) has no application where the witness is examined in behalf of the adverse party and not as a witness in her own behalf. In the instant case one of the witnesses called by the contestants was the proponent of the will. As such she was hostile and not testifying in her own behalf. It was therefore error for the Surrogate to have precluded contestants from questioning proponent regarding conversations the latter may have had with the testator. This constitutes reversible error. *(Matter of Anna,* 248 NY 421.) Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.

■ In the Matter of LOUIS BORIA, JR., et al., Respondents, v AETNA CASUALTY & SURETY CO., Appellant. — Appeal from an order of the Supreme Court, Richmond County (Sacks, J.), dated January 13, 1981, dismissed. That order is reviewed on the appeal from the order of the same court dated February 26, 1981 (see *Matter of Aho,* 39 NY2d 241, 248). Order dated February 26, 1981, affirmed (see *Matter of Ackerman [Forbes],* 66 AD2d 1027; *United States Fid. & Guar. Co. v Stuyvesant Ins. Co.,* 61 AD2d 1122; cf. *Rabideau v Aetna Cas. & Sur. Co.,* 54 AD2d 1055; *Matter of Adams [Government Employees Ins. Co.],* 52 AD2d 118). Petitioners are awarded one bill of costs to cover both appeals. Damiani, J. P., Gulotta, Margett and Bracken, JJ., concur.