OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff for an order granting him summary judgment for the relief demanded in the complaint.
The underlying action was brought by the plaintiff to vacate a lien which has been asserted by the defendant insurance company, pursuant to the provisions of subdivision 2 of section 673 of the Insurance Law, against the proceeds of a judgment rendered in plaintiff’s favor in Supreme Court, Rensselaer County.
Plaintiff was traveling as a passenger in an automobile owned and operated by his brother. The vehicle was forced off Fogarty Road, a highway under the jurisdiction of the County of Rensselaer, by an unidentified vehicle and plunged down an embankment. As a result of the accident plaintiff was rendered a paraplegic.
Plaintiff commenced suit originally against both Ronald Hyde and the County of Rensselaer but settled the claim *856 against Hyde. The litigation against the County of Rensselaer came to trial on October 12, 1978 in Rensselaer County Supreme Court. The jury awarded the plaintiff the sum of $1,000,000 and a judgment in that amount was subsequently affirmed by the Appellate Division and the Court of Appeals. The defendant insurance carrier then asserted a lien against the proceeds of the plaintiff’s recovery from the payment of the first-party benefits to the plaintiff in the sum of $50,000 as reimbursement for the plaintiff’s “basic economic loss” under the no-fault statute. Plaintiff refused to repay the amount claimed by defendant, and his counsel, as escrow agents, have withheld $50,000 of his recovery pending the final adjudication of this action.
The plaintiff contends that subdivision 2 of section 673 of the Insurance Law does not apply because the County of Rensselaer is in fact a “covered person” within the meaning of the no-fault law (Insurance Law, § 673, subd 2) and further, plaintiff contends that subdivision 2 of section 673 of the Insurance Law provides a lien for the no-fault carrier only in instances in which the plaintiff is able to recover for the same elements of damage for which he has been compensated by the no-fault carrier and, because there has been no such double recovery in this case, the defendant insurance carrier is not entitled to a lien.
This court cannot agree with the contentions of the plaintiff that the County of Rensselaer was a “covered person” pursuant to subdivision 10 of section 671 of the Insurance Law, which defines a “covered person” as: “10. 'Covered person’ means any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by articles six or eight of the vehicle and traffic law or which is referred to in subdivision two of section three hundred twenty-one of such law; or any other person entitled to first party benefits.”
It is this court’s opinion that the County of Rensselaer, not being an owner, operator or occupant of a motor vehicle involved in the accident, is not a “covered person” within the meaning of section 671 of the Insurance Law.
*857 Plaintiff’s attorney, Carroll J. Mealey, Esq., in his opening statement to the jury, among other things, stated at page 24 of the minutes of the trial: “Today, some three years and a quarter after this accident, he has incurred, and his family has incurred, medical expenses totalling now, with not only doctors’ bills, hospital bills, medications, orthopedic equipment, changes in his living facilities at home, the sum of forty-six thousand plus dollars in that type of expense to date.”
During the testimony of Helen M. Hyde, the mother of plaintiff Burlton Hyde, starting on page 540 of the minutes, Mr. Mealey, the plaintiff’s attorney, asked Mrs. Hyde the following questions and she gave the following answers:
“q Now, Mrs. Hyde, during the past 12 months, did you receive and have paid medical bills in connection with Burlton’s care?
“a Yes.
“mr. mealey: May I have that marked for identification.”
(List of expenses marked plaintiff’s Exhibit 26 for identification.)
BY MR. MEALEY:
“q What were those bills for?
“a He has to have medication, leg bags, bed bags, chucks, adhesive he has to apply to put on his catheters, catheters he has to have. I think that’s about it.
“q What about visits to the spinal cord clinic for examination?
“a Yes, he does.
“q And how about laboratory tests with respect to urine and kidney infection?
“a Yes.
“q And, Mrs. Hyde, over the past 12 months — I show you this exhibit for identification, number 26, and ask you, is that an accurate summary of the medical bills that were paid over the last 12 calendar months for the type of care that you have described?
*858 “a Yes.
“q And what is the amount of those medical bills for the past 12 calendar months?
mr. conboy: I object to that on the ground no proper foundation has been laid.
“the court: Will counsel come to the Bench, please.”
(Discussion off the record at the Bench.)
“the court: The Court will reserve decision.
“mr. mealey: I have no further questions for Mrs. Hyde.
“mr. rosen: No questions.
“mr. conboy: I have no questions. * * *
“mr. mealey: Now, subject to your Honor’s ruling with respect to the medical bills, the plaintiff rests.”
The court finds no ruling on the objection and apparently none was made nor was there any further offer of proof as to medical expenses incurred.
In the court’s charge, at page 763 of the trial minutes: “If you find that the plaintiff is entitled to recover from the defendant, the County of Rensselaer, then you must render a verdict in one single sum of money which will justly and fairly compensate the plaintiff for all injuries, conscious pain and suffering incurred from the date of the accident to the present time. And, if you further find that the plaintiff’s injuries are permanent, then you must make such allowance in your verdict as you think that the circumstances warrant, taking into consideration the period of time that has elapsed from the date of the injury to the present time and the period of time that the plaintiff can be expected to live in the future.”
Then at page 765 the court charged: “Now, if you find for the plaintiff, he is not entitled to receive any loss of earnings or any loss of capacity of earnings in the past. It must only be in the future.”
There is nothing in the court’s charge to the jury concerning the medical expenses incurred because there was no proof of them received in evidence nor was there an offer of them except for those referred to in this opinion.
*859 The Appellate Division, Fourth Department, held in United States Fid. & Guar. Co. v Stuyvesant Ins. Co. (61 AD2d 1122, 1123): “It has been held in this and other departments that ‘the insured should not be forced to pay for his no-fault benefits out of his recovery for pain and suffering.’ * * * [F]or the purpose of the lien allowed under subdivision 2 of section 673 of the Insurance Law is solely to prevent the possibility of a double recovery for basic economic loss by a covered person who has received first-party benefits”.
The jury award only compensated the plaintiff for “non-economic loss” pain and suffering and therefore plaintiff did not receive a double recovery for the same injury. Therefore, the defendant has no valid lien (Rabideau v Aetna Cas. & Sur. Co., 54 AD2d 1055; Royal Globe Ins. Co. v Connolly, 54 AD2d 1117).
In view of the foregoing, the motion by plaintiff is granted.
(On reargument, February 18, 1982)
This is a motion by the defendant for an order pursuant to CPLR 2221 granting leave to renew in opposition to the plaintiff’s motion for summary judgment, on the ground that the court may have overlooked a controlling principle of law, the force and effect of the case law, and on the further ground that a recent decision is relevant to the present controversy.
It is the contention of the defendant, among other things, that the jury was acutely aware of the very significant sums of money expended in treating the plaintiff well before the time of trial; that the exact figures for the cost of first-party benefits may not have been specifically presented to the jury, due to error or oversight, but that the jury was well able to establish the probable cost of the extraordinary medical procedures undertaken for the plaintiff; that the jury in rendering its verdict for $1,000,000 properly considered all of the circumstances and facts presented to it during the course of the trial; thus, the award represented damages for pain and suffering as well as for medical expenses already incurred and to be incurred by reason of the accident.
*860 This court cannot agree with this argument and did specifically decide to the contrary in the court’s original opinion. Defendant’s argument is in the nature of an appeal and is not proper for reargument of a motion.
The decision in Firemen’s Ins. Co. of Newark v Bowley (110 Misc 2d 168) is not controlling in this case because, among other things, that case involved a settlement and not a jury verdict. No approval of any insurance carrier is required for a jury verdict.
The defendant further contends that as stated by the Appellate Division in United States Fid. & Guar. Co. v Stuyvesant Ins. Co. (61 AD2d 1122, 1123): “A determination must be made as to what portion of the settlement, if any, reasonably represents basic economic loss for which Eisenhauer has received first-party benefits, considering all of the circumstances, including the intention of the parties in making the settlement agreement.” (Emphasis supplied.)
The court in that case was also considering a settlement which is not controlling in this case; however, this court did find that there were no “first-party benefits” included in the jury verdict as set forth in this court’s original opinion.
This court is of the further opinion that an insurance company that pays “first-party benefits”, if it wishes to protect its lien, in cases against one or more “noncovered persons” as defined in subdivision 2 of section 673 of the Insurance Law, should supply the plaintiff’s attorneys with the necessary trial proof to include such benefits in the jury verdict and not put the plaintiff to the cost of such high cost medical proof solely for the benefit of such insurance company.
The motion of the defendant to renew or reargue is denied.