OPINION OF THE COURT
D. Bruce Crew, III, J.
This is a motion for summary judgment involving but a single issue of law. The parties agree that no question of fact is presented. Plaintiffs are administrators of the estate of their daughter who was killed in an automobile accident while riding her bike. A person in a parked car opened his door into the path of the cyclist throwing her to the pavement where she was then struck by a truck and killed. Defendant is the insurer of the parked vehicle. Plaintiffs submitted death benefit claims for $2,000 pursuant to section 672 (subd 1, par [d]) of the Insurance Law to both the defendant and the insurer of the truck. The latter company paid $2,500. Defendant refuses to pay the claim on the ground that a double recovery is not permitted.
Insofar as here relevant, section 672 provides:
“1. Every owner’s policy of liability insurance issued on a motor vehicle * * * shall * * * provide for * * * the payment of first party benefits to * * *
“(d) the estate of any covered person * * * as a death benefit in the amount of two thousand dollars”.
The policy issued by defendant provides such coverage. The issue is whether plaintiffs may collect the death bene *687 fit under defendant’s policy when they have already collected the same from another insurance company which also was liable to pay first-party benefits. Plaintiffs present no authority, and the court is unable to find any, which would support the position that such double recovery is statutorily mandated. Nor is the court able to find any evidence of a legislative intent to prohibit such double recovery in this context.* Double recovery has been permitted in other contexts (see Rubin v Empire Mut. Ins. Co., 25 NY2d 426; Greenspan v Travelers Ins. Co., 98 Misc 2d 43). In determining whether duplicate recovery may be permitted, “crucial * * * is an evaluation of the language used in the policy” (Hunacek v Union Welfare Fund, 100 Misc 2d 740, 742).
Defendant’s policy in regard to the personal injury protection indorsement has a provision concerning other coverage. It provides: “Where more than one source of first party benefits * * * is available and applicable * * * this company is liable * * * only for an amount equal to the maximum amount that the * * * person is entitled to recover under this coverage, divided by the number of available and applicable sources of required first party benefits.” Such language is unambiguous and resolves the question posed to the court. Pursuant to this provision the defendant insurance company is liable for $1,000.

 The Legislature has prevented double recovery in certain instances by providing an insurer with a right of subrogation (Insurance Law, § 673, subd 2; Scinta v Kazmier czak, 59 AD2d 313; Royal Globe Ins. Co. v Connolly, 54 AD2d 1117).