Frank E. Dymond et al., Appellants, v David A. Dunn et al., Defendants. Royal Insurance Company, Nonparty Respondent.

Third Department, June 29, 1989

### APPEARANCES OF COUNSEL

*Gibbons & Burke, P. C. (Kenneth T. Gibbons* of counsel), for appellants.

*Friedman, Hirschen & Miller (Scott L. Ne Jame* of counsel), for nonparty respondent.

### OPINION OF THE COURT

MERCURE, J.

Plaintiffs, Frank E. Dymond and Eleanor L. Dymond, commenced this action to recover for property damage and personal injuries resulting from an automobile accident between Frank and defendant David A. Dunn. Plaintiffs' claim against defendants Raymond Crofts and Kathleen Crofts was based upon Dram Shop Act liability, as it was alleged that Dunn was drinking at their tavern before the accident. Frank sought recovery against the Crofts for medical expenses, loss of earnings, property loss, and conscious pain and suffering, and Eleanor sought recovery for loss of services, society and consortium of her spouse, as well as damage to the automobile Frank was driving.

In accordance with the provision of plaintiffs' insurance policy, Royal Insurance Company paid Frank $13,960.91 in

benefits for medical expenses and loss of earnings and notified plaintiffs of its statutory lien on any similar recovery in favor of Frank against the Crofts. Ultimately, the litigation was settled in favor of plaintiffs for a total of $127,500. The Crofts contributed $75,000 to the settlement, of which $1,000 was allocated to Frank's claim and $74,000 to Eleanor's, in exchange for separate releases. Royal then obtained an order directing plaintiffs to show cause why Royal's statutory lien should not be satisfied. Thereafter, Supreme Court, without a hearing, directed that the statutory lien be fully satisfied out of the proceeds of the settlement. This appeal by plaintiffs ensued.

■ As a preliminary matter, we reject plaintiffs' contention that a separate action is necessary to enforce the statutory lien. Royal's lien is created by operation of law (Insurance Law § 5104 [b]; *see, Kozlowski v Briggs Leasing Corp.*, 96 Misc 2d 337, 341); it attached the instant the settlement was made and was properly enforced by the issuance of an order to show cause *(see,* CPLR 2214 [d]; Siegel, NY Prac § 248, at 306).

■ Next, plaintiffs contend that Supreme Court lacked authority to direct full or partial satisfaction of Royal's lien from the portion of the settlement attributed to Eleanor's causes of action. We disagree. Although, facially, the settlement proceeds received by Eleanor are not subject to the lien since they do not constitute recovery for first-party benefits paid to Frank *(see,* Insurance Law § 5104 [b]; *Aetna Cas. & Sur. Co. v Jackowe,* 96 AD2d 37, 44-45; 70 NY Jur 2d, Insurance, § 1583, at 562), it is necessary for us to look at the real intent of the parties *(see, Kozlowski v Briggs Leasing Corp., supra,* at 343). Allowing plaintiffs to manipulate the characterization of damages "would effectively abrogate the statutory lien" *(Firemen's Ins. Co. v Bowley,* 110 Misc 2d 168, 172; *see, Aetna Cas. & Sur. Co. v Jackowe, supra,* at 45; *Kozlowski v Briggs Leasing Corp., supra).* Notably, the settlement proceeds from Dunn, a covered person for purposes of Insurance Law § 5104 (b), were not apportioned. Thus, by allocating the proceeds of the settlement from the Crofts, $1,000 to Frank and $74,000 to Eleanor, it appears that plaintiffs have purposely attempted to avoid Royal's statutory lien *(see, supra,* at 342-343).* This is especially so in view of the statement in

---

* Further indication of plaintiffs' intent is found in their need to aggregate the Crofts' settlements to avoid the statutory requirement of "written consent of the insurer" or "approval of the court" before actions against

plaintiffs' brief that Frank's injuries "were serious and permanent and resulted in his inability to continue his profession as an entertainer". Accordingly, we agree with Supreme Court that the arbitrary division of the settlement proceeds was ineffective to extinguish Royal's lien.

■ Contrary to Royal's assertion, however, a hearing is required to determine the amounts subject to the lien. "A claimant should not be forced to pay for his no-fault benefits out of his recovery for [damages other than basic economic loss]" *(Matter of Celona v Royal Globe Ins. Co.,* 85 AD2d 635, 636). Here, there is no indication in the record that Supreme Court came to a reasoned conclusion as to the portion of the settlement reasonably representing basic economic loss for which the insured has received first-party benefits *(see, supra; United States Fid. & Guar. Co. v Stuyvesant Ins. Co.,* 61 AD2d 1122, 1123). Given the several causes of action, Supreme Court must conduct a hearing, considering all of the circumstances including the parties' intention in making the settlement agreement, to determine the portion of the settlement that reasonably represents basic economic loss sustained by Frank *(see, Matter of Celona v Royal Globe Ins. Co., supra).*

KANE, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as awarded Royal Insurance Company $13,960.91; matter remitted to the Supreme Court for a determination of the amount of Royal Insurance Company's lien; and, as so modified, affirmed.

---

noncovered persons can be settled for $50,000 or less (Insurance Law § 5104 [b]).