MICHAEL J. SCAMACCA et al., Respondents, v ANTOINETTE BENNETT, Defendant, and CHANG Y. CHO et al., Appellants.—Order and Judgment unanimously affirmed with costs. Memorandum: Defendants' principal argument on appeal is that the portion of the jury verdict awarding Michael Scamacca damages for future loss of earnings and future pain and suffering should be set aside because there was no finding

that he suffered permanent injuries. We disagree with that contention.

The jury found that Mr. Scamacca suffered a serious injury due to a significant limitation of use of a body function or system (see, Insurance Law § 5102 [d]). That finding does not require a permanent disability (see, Miller v Miller, 100 AD2d 577). The record contains ample testimony that Mr. Scamacca's injuries will cause him pain in the future and reduce his earnings. Dr. Berman testified that Mr. Scamacca is totally disabled as a result of the accident and will never be able to return to work. Dr. Starr testified that Mr. Scamacca was disabled from employment throughout the period he was treated as a result of limitation of motion of his head and neck. Although there was other conflicting medical testimony, it cannot be said on this record that the jury award of damages for pain and suffering and future loss of earnings was utterly irrational or could not be reached by any fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 498-499; Nicastro v Park, 113 AD2d 129, 134).

Defendants' remaining claims also lack merit. Although the court initially erred in charging plaintiff's age and work expectancy, the court correctly recharged the jury and explained the mistake. The court properly denied defendants' motion to reduce the award for loss of earnings by the amount of additional personal injury protection (PIP) benefits Mr. Scamacca received. Mr. Scamacca is obligated by regulation and insurance contract to remit the PIP award to his no-fault carrier and the insurer may enforce that obligation through subrogation (see, 11 NYCRR 65.13; Scinta v Kazmierczak, 59 AD2d 313, 316). The trial court's evidentiary rulings contested by defendants on appeal did not constitute an abuse of discretion. (Appeal from order and judgment of Supreme Court, Erie County, Honan, J.—negligence.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.