# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**792**

**CA 16-00019**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

MILTON GRINAGE, PLAINTIFF-APPELLANT,

V             MEMORANDUM AND ORDER

DIANE DURAWA AND DANIEL DURAWA, DEFENDANTS.
------------------------------------------
ACA INSURANCE COMPANY, RESPONDENT.

---

RAMOS & RAMOS, BUFFALO (JOSHUA I. RAMOS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BILLIG LAW, P.C., NEW YORK CITY (SUZANNE M. BILLIG OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 25, 2015. The judgment, inter alia, denied the relief plaintiff sought in his order to show cause and directed plaintiff to reimburse respondent ACA Insurance Company in full for Additional Personal Injury Protection benefits paid to plaintiff.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced the underlying negligence action against defendants to recover damages for injuries he sustained in a motor vehicle collision. During the pendency of the underlying action, plaintiff's no-fault insurance carrier, ACA Insurance Company, the nonparty respondent herein, paid him additional personal injury protection (APIP) benefits pursuant to their insurance contract. Eventually, defendants' insurance carrier offered to settle plaintiff's claims for the $100,000 limit on defendants' no-fault policy. Plaintiff accepted the offer and, insofar as relevant to the instant appeal, sought by order to show cause a declaration in Supreme Court that respondent's subrogation rights are limited to that portion of the settlement funds allocable to the category of damages for which APIP benefits are meant to compensate, i.e., extended economic loss. Respondent did not oppose the court adjudicating the dispute over its subrogation rights but contended that plaintiff owed it $37,529.27, i.e., the full amount of the benefits paid. The court issued a judgment, denominated an order, that, inter alia, denied the relief plaintiff sought in his order to show cause and directed plaintiff to pay respondent the full amount sought by respondent.

As a preliminary matter, contrary to respondent's contention, this appeal was not rendered moot by plaintiff's tender of payment to respondent inasmuch as the parties' rights will be affected directly by the outcome of the appeal (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).

Plaintiff contends that, under the "made whole" rule, respondent has no right of subrogation because plaintiff's damages exceed the amount of the settlement. By way of background, the "made whole" rule provides that, if "the sources of recovery ultimately available are inadequate to fully compensate the insured for its loses, then the insurer—who has been paid by the insured to assume the risk of loss—has no right to share in the proceeds of the insured's recovery from the tortfeasor" (*Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 581). "In other words, the insurer may seek subrogation against only those funds and assets that remain after the insured has been compensated. This designation of priority interests . . . assures that the injured party's claim against the tortfeasor takes precedence over the subrogation rights of the insurer" (*Fasso v Doerr*, 12 NY3d 80, 87; *see Winkelmann*, 85 NY2d at 581-582). Although we agree with plaintiff that the court erred in refusing to apply that rule, on this record, it is unclear whether the settlement made plaintiff whole.

We also agree with plaintiff's further contention that the court erred in directing plaintiff to pay respondent the full amount of the benefits paid without making a determination as to what portion of the settlement represented his pain and suffering. The purpose of subrogation is "to prevent double recovery by the insured and to force the wrongdoer to bear the ultimate costs" (*Scinta v Kazmierczak*, 59 AD2d 313, 316; *see Aetna Cas. & Sur. Co. v Jackowe*, 96 AD2d 37, 44). Respondent has no right to recoup its losses from damages attributable to plaintiff's pain and suffering (*see Scinta*, 59 AD2d at 316). The contract provides: "In the event of any payment for extended economic loss, the Company is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made." Under that clause, respondent's right of subrogation extends only to plaintiff's claim for extended economic loss (*see id.* at 317; *see also Allstate Ins. Co. v Stein*, 1 NY3d 416, 423). On this record, however, it is unclear what portion of the $100,000 settlement represents plaintiff's recovery for extended economic loss, or whether such amount exceeds the benefits paid. In addition, we note that the court failed to declare the rights of the parties (*see Kemper Independence Ins. Co. v Ellis*, 128 AD3d 1529, 1530).

We therefore reverse the judgment and remit the matter to Supreme Court for a determination whether plaintiff's damages exceed the amount of the settlement and, if not, what portion of the settlement is attributable to plaintiff's extended economic loss and what portion is attributable to his pain and suffering (*see Dymond v Dunn*, 148 AD2d 56, 59; *Aetna Cas. & Sur. Co.*, 96 AD2d at 46; *see also Matter of Ackerman [Forbes]*, 66 AD2d 1027, 1027), and to enter a judgment declaring the rights of the parties in accordance therewith (*see* CPLR

3001).