OPINION OF THE COURT

Per Curiam.

Order dated May 25, 1978 (S. Rosen, J.) is affirmed, with $10 costs.
This action proceeded before Trial Term upon an agreed statements of facts, to wit: On March 17, 1974 at or about 1:00 a.m. the plaintiffs were passengers in an uninsured motor vehicle which was in collision with an insured motor vehicle owned and operated by the defendant. At issue is whether the passengers in the uninsured vehicle are required to comply with the threshold issue or serious injury provisions of article 18 of the Insurance Law in order to maintain an action against the owner and/or operator of the insured vehicle to recover damages for personal injuries. Trial Term held that the plaintiffs did not have to meet this requirement.
On appeal defendant argues, as he did at Trial Term, that the plaintiffs, as passengers of an uninsured motorist, who are not covered persons under the "no-fault” provisions in article 18 of the Insurance Law, cannot maintain a common-law action in negligence without meeting the threshold requirement for "serious injury” in subdivision 4 of section 671 of the Insurance Law, as it existed on March 17, 1974, the date of the accident in question, viz: exceeding $500 for "reasonable and customary charges for medical, hospital * * * services necessarily performed as a result of the injury”.
In a constitutional test of article 18, the Court of Appeals in Montgomery v Daniels (38 NY2d 41, 55) held with regard to the enactment thereof that "our Legislature was surely acting within a recognized and legitimate area of its police powers,” as reasonably related to the promotion of the public welfare. Insofar as that article abrogates common-law rights to sue in tort, the court reasoned that they are no more than rules of law, and are not "beyond the reach of the State’s power to alter them, as rules of future conduct and tests of responsibility, through legislation designed to promote the general welfare” (p 57). In the Montgomery case, plaintiffs interposed a due process claim that article 18 abrogated their common-law right to sue in tort without providing an "adequate substitute *632 remedy.” The test of such an adequate substitute is addressed, obiter dicta, in New York Cent. R. R. Co. v White (243 US 188, 201) where New York’s newly enacted Workmen’s Compensation Law was challenged. The Supreme Court in that case stated, "it perhaps may be doubted whether the State could abolish all rights of action on the one hand, or all defenses on the other, without setting up something adequate in their stead.” The court in Montgomery found no difficulty with the adequate remedy test, holding that if any adequate substitute for abrogated rights were required, whereby the new system would be measured against the common-law system, without regard to the relative treatment of any particular claimant under the two systems, no issue would be presented in relation thereto, since a more than adequate substitute is provided. At least insofar as the facts in the case at bar are concerned, unless plaintiffs are permitted to pursue their common-law right to sue in negligence outside the restrictions of article 18, it appears that no substitute remedy is provided at all.
Given the legislative intent to compensate innocent victims of motor vehicle accidents, it is reasonable to infer that uninsured motorists who are guilty of a misdemeanor by failing to comply with the requirements of the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art 6) are not innocent victims and should not be permitted to proceed under a common-law negligence theory to their advantage (see Gamble v Randolph, 91 Misc 2d 436). At the very least a cause of action on behalf of one guilty of violating the requirements of article 6 of the Vehicle and Traffic Law should be limited by the threshold requirement of subdivision 4 of section 671 of the Insurance Law as in the case of a covered person (Scarpelli v Marshall, 92 Misc 2d 244). To extend that principle to passengers of an uninsured motorist would, however, effectuate a result not clearly expressed by the Legislature, and not reasonably inferred from apparent legislative intent.
Section 673 of the Insurance Law is silent as to a noncovered person’s right to a common-law remedy, and does not state that the cause of action which such a person would have possessed prior to its enactment has been abrogated. As a statute in derogation of the common law it must be strictly construed. "[T]he common law must be held to be no further abrogated than the clear import of the language used in the statute absolutely requires. (See McKinney’s Cons Laws of *633 NY, Book 1, Statutes, § 301.)” (Scarpelli v Marshall, supra, p 247.)
Furthermore the substitute remedy afforded covered persons by article 18 of the Insurance Law is patently not available to the plaintiffs herein as innocent noncovered persons. Far from being entitled to no-fault benefits, their only avenue of recovery will require that they litigate the question of defendant’s fault. We do not perceive the cause of action available to the plaintiffs as limited only to economic loss, the plaintiffs through no fault of their own, not having the benefit of a substitute remedy under article 18 of the Insurance Law, are entitled to maintain an action for both economic and noneconomic loss. The issue is not whether the plaintiffs are being rewarded by virtue of their status as noncovered persons, but whether their common-law rights have been abrogated by the provisions of article 18, at least to the extent of reading into that article an unexpressed intent on the part of the Legislature, that plaintiffs are required to comply with the serious injury provisions of subdivision 4 of section 671 of the Insurance Law. We find that the plaintiffs’ rights have not been so abrogated. (Cf. Marc-Charles v Krug, 93 Misc 2d 603.)
Concur: Dudley, P. J., Tierney and Asch, JJ.