OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the arbitration award reinstated.
The arbitrator found that the basic economic loss was not incorporated in the jury’s verdict. While the Judge in the third-party action submitted to the jury conventional items of special damage, including those covered by the no-fault law, it does not necessarily follow that in reaching its verdict, which was a general one, the jury, in assessing damages, in fact decided to allow these items. Since the plaintiff sought a sum greatly in excess of $180,000 for the objective, permanent injuries sustained and for his prospective vocational handicap, it is not inconceivable that the jury, in arriving at its compromise figure may have decided not to include the no-fault items in its own computation of damages. Moreover, it was agreed between the parties, who never moved to stay the arbitration which took place only after the third-party action had been concluded, that the arbitrator was to determine "whether or not there was a disposition of the[se] benefits] via the jury verdict” (cf. Matter of Garcia v Federal Ins. Co., 46 NY2d 1040, 1042). Under these circumstances, it cannot be said that the arbitrator’s finding did not have a "basis in *909 reason” (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 510; see Caso v Coffey, 41 NY2d 153, 158).