984

■ GREAT AMERICAN INSURANCE COMPANY, Appellant, v HARTFORD IN-SURANCE GROUP, Respondent.—Order unanimously affirmed, with costs, on the opinion at Special Term, Johnson, J. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ. [97 Misc 2d 949.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY PERKINS, Appellant.—Judgment unanimously affirmed. (See *People v Turner,* 73 AD2d 56.) (Appeal from judgment of Erie Supreme Court—robbery, first degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.

■ In the Matter of MINERVA DEAN, Respondent, v NATIONWIDE MU-TUAL INSURANCE COMPANY, Appellant, and TRANSAMERICA INSURANCE COM-PANY et al., Respondents.—Order unanimously affirmed, with costs. Memo-randum: On May 15, 1976, an automobile owned and operated by Dean and insured by appellant Nationwide Mutual Insurance Company (Nationwide) was involved in an accident with an uninsured vehicle owned by Delancy. Dean sued Nationwide under the uninsured motorist provision in her insurance policy and sought arbitration of her claim. The company refused, however, to pay Dean's claim for "pain and suffering" on the ground that she had not sustained a "serious injury" as that term is defined in subdivi-sion 4 of section 671 of the Insurance Law. Instead, Nationwide petitioned for an order staying arbitration of her claim. Special Term denied Nation-wide's petition for a stay. We agree. The Comprehensive Automobile Insur-ance Reparations Act limits the traditional right to recover for noneconomic loss in tort actions between covered persons only (Insurance Law, § 673, subd 1; *Montgomery v Daniels,* 38 NY2d 41, 47). As defined in the act, a "covered person" is a pedestrian or "any owner, operator or occupant of a motor vehicle which has in effect the financial security required by [the Insurance Law]" (Insurance Law, § 671, subd 10). Since the Delancy vehicle was uninsured Delancy was not a "covered person" and Dean's common-law tort action against him is in no way diminished by the provisions of the no-fault law *(Montgomery v Daniels, supra,* p 62). Accordingly, lack of a "serious injury" would not curtail Dean's right to recover damages for pain and suffering. In the uninsured motorist clause of the insurance contract Nationwide promises to pay its insured, Dean, all sums she would be entitled to collect from an owner or operator of an uninsured vehicle. Therefore, Dean is not precluded from recovering from Nationwide such damages in the form of noneconomic loss as she is able to prove at arbitration. To hold otherwise would be to read into the uninsured motorist clause a restriction that does not exist. (Appeal from order of Onondaga Supreme Court—arbitration.) Present—Cardamone, J. P., Simons, Schnepp, Callahan and Witmer, JJ.

■ JANE C. NAGEL, Individually and as Administratrix of the Estate of RALPH NAGEL, Deceased, Appellant, v EDWARD METZGER et al., Respondents, et al., Defendants.—Order unanimously affirmed, without costs, for the reasons stated at Special Term, Johnson, J. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Schnepp, Callahan and Witmer, JJ.