## (March 15, 1982)

■ Antonio Acevedo, Appellant, v G.E.I.C.O., Respondent. — In a proceeding to vacate an arbitration award, petitioner appeals from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated June 24, 1981, which dismissed the petition and confirmed the award. Judgment affirmed with $50 costs and disbursements. Petitioner Acevedo was struck by an engine cooling fan while repairing an automobile owned by an uninsured person and manufactured by the Ford Motor Company. As a result, Acevedo received no-fault benefits from his insurer, respondent GEICO. Subsequently, he commenced a products liability suit against Ford, which was later settled. Since GEICO had asserted a lien on part of the settlement recovery for the money it expended for no-fault benefits, petitioner paid the lien under protest and commenced an arbitration proceeding against GEICO. When the arbitrator upheld the validity of GEICO's lien, petitioner moved to vacate the award. Special Term dismissed the petition and confirmed the award. An insurer has a lien for no-fault benefits paid to its insured when the insured recovers damages against a noncovered person in an action which arises out of the use or operation of a motor vehicle (Insurance Law, § 673, subd 2; see, e.g., *Aetna Ins. Co. v Springsteen,* 78 AD2d 532). The purpose of this section is to prevent a party from recovering twice for basic economic loss (*Matter of Adams [Government Employees Ins. Co.],* 52 AD2d 118). A covered person is defined, in relevant part, as "any owner * * * of * * * a motor vehicle which has in effect" no-fault coverage (Insurance Law, § 671, subd 10). Petitioner argues that Ford Motor Company is a covered entity since it owns motor vehicles in this State which are covered by no-fault insurance, albeit not the automobile involved in this matter. The rejection of this position by the arbitrator was not irrational and the award should be confirmed (see *Matter of Furstenberg [Aetna Cas. & Sur. Co.],* 49 NY2d 757; *Matter of Levine v Zurich Amer. Ins. Co.,* 49 NY2d 907; *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442). Mollen, P. J., Lazer, O'Connor and Bracken, JJ., concur.