■ BURLTON T. HYDE, Respondent, v NORTH RIVER INSURANCE COMPANY, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Conway, J.), entered January 5, 1982 in Rensselaer County, which granted plaintiff's motion for summary judgment, and (2) from an order of said court entered February 25, 1982 in Rensselaer County, which denied defendant's motion for leave to renew or reargue. Does a carrier which pays first-party no-fault benefits to its injured insured for his basic economic loss have an enforceable lien against the proceeds of a judgment against the tort-feasor when the recovery is solely for pain, suffering and future economic loss? We hold it does not. Plaintiff sustained catastrophic injuries when the automobile

in which he was a passenger was forced off the road by an unidentified vehicle and plunged down an embankment. Plaintiff's underlying lawsuit resulted in a verdict of $1,000,000 in his favor.[*] North River Insurance Company, which had paid $50,000 in no-fault first-party benefits to plaintiff, filed a lien against the judgment pursuant to subdivision 2 of section 673 of the Insurance Law. Plaintiff commenced this action to vacate the lien. Special Term granted plaintiff's motion for summary judgment, holding that because the jury verdict was solely for noneconomic loss (pain and suffering), there was no double recovery of basic economic loss and, therefore, the lien was invalid. The court, therefore, held that subdivision 2 of section 673 of the Insurance Law was inapplicable. The court also rejected defendant's contention that the County of Rensselaer was a "covered person" as defined in subdivision 10 of section 671 of the Insurance Law. Defendant's motion for leave to renew or reargue was denied. Defendant has appealed from both orders. There are well-established rules which govern the instant factual situation and should be restated. It is undisputed that plaintiff sustained a "serious injury" as defined under the law (Insurance Law, § 671, subd 4) permitting him to bring an action in negligence against the culpable party to recover damages to compensate for his personal injuries, including conscious pain and suffering. The only restriction is that he could not sue another "covered person" for his "basic economic loss" (Insurance Law, § 673, subd 1; *Matter of Adams [Government Employees Ins. Co.]*, 52 AD2d 118, 120). No such statutory restriction applies in the case of a suit brought against a noncovered person such as an uninsured motorist, the owner of a hit-and-run automobile, or, as hereinafter discussed, where liability is not predicated upon use of a defendant's motor vehicle. Virtually every motor vehicle is required by law to be insured to provide coverage for "first party benefits" to all persons sustaining injuries resulting from the use of said vehicle, with certain exceptions not here applicable (Insurance Law, § 672, subd 1). First-party benefits are defined as "[B]asic economic loss", which means reimbursement or payment of medical expenses, loss of earnings, and other defined reasonable or necessary expenses, up to an aggregate total of $50,000 (Insurance Law, § 671, subds 1, 2). Having paid $50,000 in first-party benefits to plaintiff, defendant then filed a lien against the proceeds of plaintiff's recovery from Rensselaer County, asserting its rights pursuant to subdivision 2 of section 673 of the Insurance Law, which states: "In any action by or on behalf of a covered person, against a noncovered person, where damages for personal injuries arising out of the use or operation of a motor vehicle or a motorcycle may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries *shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person*" (emphasis added). Special Term, in granting plaintiff summary judgment, made two specific findings. First, the court rejected plaintiff's contention that the County of Rensselaer was a "covered person" (Insurance Law, § 671, subd 10), on the premise that merely owning motor vehicles subject to the no-fault requirements did not result in covered person status. Since no vehicle owned by the county was involved in the accident, we agree that the county cannot be considered a "covered person" (see *Acevedo v G.E.I.C.O.*, 87 AD2d 600). Second, the Special Term Justice (who also presided at the trial in the underlying action) found that the jury verdict in the tort action did not include any portion of the basic economic loss sustained by plaintiff and paid by defendant. The record shows that while plaintiff's attorney during opening argument stated

---

[*] In that suit, defendant operator Ronald Hyde settled, and the trial court dismissed the complaint as against another defendant, Niagara Mohawk Power Corporation. The jury apportioned liability at 70% against the County of Rensselaer, 15% against the unidentified motorist and 15% against Ronald Hyde.

that plaintiff and his family incurred medical expenses of "forty six thousand plus dollars * * * to date", this was not evidence which the jury could consider. Special Term found that plaintiff's carefully designed questions relating to medical expenses paid during the past 12 months terminated upon defendant's objection and that no further offer or proof of medical expenses was made. Finally, in its charge, the trial court specifically instructed the jury that its verdict was to "compensate plaintiff for all injuries, conscious pain and suffering incurred" and that he was "not entitled to receive any loss of earnings or any loss of capacity of earnings in the past. It must only be in the future". Defendant relies upon the statutory language that it *"shall* have a lien against *any* recovery" (Insurance Law, § 673, subd 2; emphasis added), and cites *Acevedo v G.E.I.C.O.* (87 AD2d 600, *supra*). The law on this issue, however, is clear.' The purpose of the statutory lien is solely to prevent the possibility of a double recovery for basic economic loss by a covered person who has received first-party benefits (*Acevedo v G.E.I.C.O.,* 87 AD2d 600, *supra; Matter of Celona v Royal Globe Ins. Co.,* 85 AD2d 635, 636; *United States Fid. & Guar. Co. v Stuyvesant Ins. Co.,* 61 AD2d 1122, 1123; *Royal Globe Ins. Co. v Connolly,* 54 AD2d 1117, 1118). It is equally clear that an insured will not be forced to repay no-fault benefits received for his basic economic loss out of his recovery for pain and suffering (*Matter of Celona v Royal Globe Ins. Co., supra,* p 636; *United States Fid. & Guar. Co. v Stuyvesant Ins. Co., supra,* p 1123; *Scinta v Kazmierczak,* 59 AD2d 313, 316). Only in the event the award duplicates benefits provided by an insurance carrier under the no-fault provisions of the law may an award be reduced by the sum of the no-fault benefits (*Rabideau v Aetna Cas. & Sur. Co.,* 54 AD2d 1055). The issue to be resolved is whether the jury verdict included basic economic loss or whether it was solely compensation for the injuries and conscious pain and suffering. The resolution of this question of fact must be made by a court (*Matter of Ackerman [Forbes],* 66 AD2d 1027; *United States Fid. & Guar. Co. v Stuyvesant Ins. Co., supra,* p 1123). In a similar factual situation, the Court of Appeals, in refusing to vacate an arbitrator's award which found that basic economic loss was not incorporated into the jury's verdict, held that "[s]ince the plaintiff sought a sum greatly in excess of $180,000 [the verdict] for the objective, permanent injuries * * * it is not inconceivable that the jury, in arriving at its compromise figure may have decided not to include the no-fault items in its own computation of damages" (*Matter of Levine [Zurich Amer. Ins. Co.],* 49 NY2d 907, 908). We hold that Special Term correctly found that the limited references to plaintiff's medical expenses, none of which were in evidence for jury consideration, taken with the specificity of the jury charge, compel the conclusion that no part of the verdict represented a recovery for plaintiff's basic economic loss. Plaintiff will, therefore, not enjoy a double recovery for such loss and defendant may not assert a statutory lien (*Matter of Adams [Government Employees Ins. Co.],* 52 AD2d 118, 120, *supra*). We find defendant's remaining arguments unpersuasive. We see no analogy between this case and *Pavone v Aetna Cas. & Sur. Co.* (91 Misc 2d 658), where a plaintiff was held to be equitably estopped from inconsistently denying coverage in order to defeat the carrier's statutory lien for no-fault benefits paid to her. Furthermore, the rule prohibiting double recovery is not restricted in its application to cases involving two separate indorsements in an insurance policy designed to compensate for different types of damages (see, e.g., *Matter of Celona v Royal Globe Ins. Co.,* 85 AD2d 635, *supra; United States Fid. & Guar. Co. v Stuyvesant Ins. Co.,* 61 AD2d 1122, *supra,* neither of which involved separate policy indorsements). Finally, defendant's reliance upon *Matter of Granger v Urda* (44 NY2d 91) is misplaced. There, an injured employee was paid for lost wages and medical expenses by

his employer's compensation carrier. The jury verdict in the third-party negligence action included these sums, the recovery of which was proscribed by subdivision 1 of section 673 of the Insurance Law. The Court of Appeals upheld the compensation carrier's right under subdivision 1 of section 29 of the Workers' Compensation Law to recover such payments, " 'whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits' " (*Matter of Granger v Urda*, 44 NY2d 91, 97, *supra*, quoting from *Matter of Petterson v Daystrom Corp.*, 17 NY2d 32, 39). We find the instant situation to be fully distinguishable. Orders affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur. (112 Misc 2d 855.)