■ CLARENCE WILSON, Respondent, v E. & J. TRUCKING CORP. et al., Appellants. — Judgment of the Supreme Court, Bronx County (Mercorella, J.),

entered on February 16, 1982, after trial by jury, unanimously reversed, on the law and facts, and a new trial ordered on the issue of damages only, without costs and without disbursements, unless plaintiff, within 20 days after service upon him of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict in his favor to $23,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages awarded appear to us to be excessive to the extent indicated. It is significant to note that plaintiff, although a resident of New York, at all relevant times herein, registered his automobile in Connecticut and had no automobile liability insurance on the vehicle either in New York or Connecticut. Article XVIII of the Insurance Law provides "covered persons" with no-fault insurance benefits for " '[b]asic economic loss' " which includes up to $50,000 in necessary medical expenses, loss of earnings and other reasonable and necessary expenses incurred (Insurance Law, § 671, subd 1). A "covered person" is defined as a pedestrian, owner, operator or occupant of a motor vehicle which has in effect the financial security required by the Vehicle and Traffic Law (Insurance Law, § 671, subd 10). Since plaintiff's automobile was uninsured either in New York or Connecticut, he does not qualify as a "covered person" and, therefore, is not entitled to no-fault benefits for his "basic economic loss." In Connecticut, where plaintiff registered his auto, if an owner does not carry no-fault insurance or security for no-fault liability, statutes of that State make the owner personally liable for the payment of no-fault first-party benefits, as if he were his own insurance carrier (Conn Gen Stat Ann, § 38-327). Thus, plaintiff as the owner of the vehicle, was liable for "basic economic loss" for damages to himself. We specifically note that we are not concerned in this action with the right of innocent passengers to recover all of their damages (see *Millan v Yan Yee Lau,* 99 Misc 2d 630). Applying the exclusion of "basic economic loss," we have deducted from the total recovery as modified by us, $2,000 which plaintiff set forth as the approximate total of medical expenses, loss of earnings and out-of-pocket expenses attributable to the accident. Concur — Murphy, P. J., Sandler, Sullivan, Ross and Asch, JJ.