■ JACK L. OWENS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64720.) — Appeal from a judgment in favor of claimant, entered September 15, 1982, upon a decision of the Court of Claims (Murray, J.). Claimant sustained multiple personal injuries in a two-car accident on December 8, 1978 when he was in a collision with an unmarked New York State Police automobile which attempted to make a U-turn without signaling on Route 7 in Duanesburg, a two-lane highway. Following trial, the Court of Claims found that the State Police vehicle was operated in a negligent manner and that claimant was free of contributory negligence, awarding him $75,000. The State has appealed. The State's initial argument, that the court erred in holding "there was no contributory negligence on the part of the claimant", is without merit. There is sufficient basis in the record, especially from a disinterested eyewitness, to support the finding that the State vehicle made a sudden left U-turn from the right shoulder across the eastbound lane in which both claimant and the State Police car had been proceeding. The police vehicle, which had been on the shoulder of the eastbound lane as claimant approached from behind and attempted to pass, pulled across the road in front of claimant without a signal or other warning, completely blocking the entire westbound lane and several feet of the eastbound lane. We are reluctant to disturb the conclusions of the trial court which was in the best position to evaluate the evidence and assess credibility. Nor do we find the award for personal injuries grossly excessive to the point that it shocks the conscience of the court (see *Rush v Sears, Roebuck & Co.*, 92 AD2d 1072; *James v Shanley*, 73 AD2d 752). In our view, after careful evaluation of all the testimony, the award is fair and reasonable and was arrived at after due consideration of all of the proper

elements to be considered. Since the evidence fairly sustains the verdict, we are not empowered to adjust it (*Brock v State of New York,* 77 AD2d 670; *Neddo v State of New York,* 275 App Div 492, affd 300 NY 533). We reach a different conclusion with respect to the inclusion in the award of an unspecified sum for property damage to claimant's 1963 Volkswagen automobile. Where an automobile is totally destroyed, the measure of damages is its reasonable market value immediately before destruction less its salvage value (see *Gass v Agate Ice Cream,* 264 NY 141, 144). The only proof was claimant's testimony that he paid about $700 for the car, made repairs costing about $1,000, and that it was totally destroyed. The failure to prove fair market value before and after the loss renders the proof insufficient to sustain any award for the loss. Finally, we find the record unclear as to whether any part of the personal injury award represents recovery of basic economic loss and, therefore, the matter must be remitted to the trial court for clarification. Basic economic loss includes medical expenses and loss of earnings up to a total of $50,000 (Insurance Law, § 671, subd 1, pars [a], [b]), for which there may be no recovery against another "covered person" in a personal injury action arising out of the operation of a motor vehicle (Insurance Law, § 673, subd 1; *Hyde v North Riv. Ins. Co.,* 92 AD2d 1001; *Matter of Adams [Government Employees Ins. Co.],* 52 AD2d 118, 120, mot for lv to app dsmd 40 NY2d 1080). The trial court awarded claimant $75,000 "for all injuries, permanent or otherwise, lost wages, medical expenses, property damage, and for all pain and suffering. The broad wording of the decision would seem to indicate medical expenses and lost earnings may have been included in the award. Decision withheld, and case remitted to the Court of Claims for entry of an order clarifying whether any portion of the award represents recovery for basic economic loss. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.