OPINION OF THE COURT
Charles H. Cohen, J.
the verdict
After a bifurcated trial of this action, the jury rendered a verdict finding all three defendants liable, making an apportionment of liability (city — 30%, Levin — 50%, Ferraro — 20%) and awarding plaintiff damages in the amount of $2,125,000.
*460 SUMMARY OF THE FACTS
On Tuesday, January 27,1981, at about 4:40 p.m., plaintiff, a pedestrian, was intending to cross Northern Boulevard from its southerly side to its northerly side between 73rd Street and 74th Street. Levin was driving his automobile at that time and place in an easterly direction on Northern Boulevard in the lane of the roadway closest to the sidewalk. Ferraro’s automobile was standing in that lane despite signs which prohibited standing in that lane on that day between 4:00 p.m. and 7:00 p.m. Plaintiff was in that lane when Levin’s automobile hit him and crushed his legs against the rear of Ferraro’s automobile, as a consequence of which both of plaintiff’s legs were amputated above the knee.
By virtue of the jury’s verdict, it was found that Levin’s automobile skidded on ice in the lane of the roadway closest to the sidewalk when Levin tried to stop his automobile. It had been contended that Levin did not drive his automobile with due care, that Ferraro violated the “No Standing” traffic regulation and that the city did not remove snow and ice from the roadway and had improperly scattered snow and ice on that roadway.
POSTTRIAL MOTIONS
A posttrial motion has been made on behalf of Government Employees Insurance Company (GEICO) for an order:
“(1) Granting leave to Intervenor government employees insurance company, pursuant to Section 1013 of the Civil Practice Law and Rules, to intervene in the above-entitled Action for the purpose of imposing a Statutory Lien upon the amount payable or paid by the Defendant the city of new York, pursuant to Section 673, Subdivision 2, of the Insurance Law of the State of New York and
“(2) Imposing a Statutory Lien in the sum of $50,000 in favor of Intervenor government employees insurance company against such amounts paid or payable by the city of new york to the Plaintiff, pursuant to Section 673, Subdivision 2 of the Insurance Law of the State of New York.”
Following this GEICO motion, a posttrial motion was also made on behalf of Ferraro for an order: “setting aside *461 the verdict of the jury in the above captioned action on the grounds that it was excessive, against the weight of the credible evidence, incorrect as a matter of law, and reducing the aforesaid verdict by the sum of $50,000.00 as against the defendant Joseph ferraro, pursuant to Section 673 of the Insurance Law”.
MOTIONS RELATING TO SECTION 673 OF THE INSURANCE LAW
GEICO states — and it is unchallenged — that on or about June 20, 1982, GEICO paid $50,000 no-fault first-party benefits to plaintiff. This payment was for hospital bills covering care and treatment rendered to plaintiff for his injuries which are the subject matter of this action. The entire bill of Elmhurst General Hospital in the amount of $8,505, and a substantial amount of the bill of the Veterans’ Administration Hospital in the amount of $44,629, were paid. It was stipulated that the hospital bills were in these amounts which were submitted to the jury for its consideration. All parties have agreed that plaintiff’s basic economic loss reached the maximum amount of $50,000 (Insurance Law, § 671, subd 1), and it is unquestioned that the verdict in this case includes an award of $50,000 for basic economic loss.
Subdivision 2 of section 673 of the Insurance Law reads, in part, as follows: “In any action by or on behalf of a covered person, against a noncovered person, where damages for personal injuries arising out of the use or operation of a motor vehicle or a motorcycle may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person.” In accordance with subdivision 10 of section 671 of the Insurance Law, plaintiff, Levin and Ferraro are each “a covered person” while the city is “a noncovered person” (see Lang v City of New York, 98 AD2d 792).
It would appear, then, that GEICO, having already paid $50,000 for basic economic loss to plaintiff, a covered person, would be entitled, by virtue of subdivision 2 of section 673 of the Insurance Law, to a lien against any recovery from the city, a noncovered person, to the extent of benefits paid or payable by GEICO to plaintiff (Biette v *462 Baxter, 57 NY2d 698; Aetna Ins. Co. v Springsteen, 78 AD2d 532). The purpose of granting such a lien is to preclude a double recovery for basic economic loss (Safeco Ins. Co. v Jamaica Water Supply Co., 83 AD2d 427, affd 57 NY2d 994; Acevedo v G.E.I.C.O., 87 AD2d 600; United States Fid. & Guar. Co. v Stuyvesant Ins. Co., 61 AD2d 1122, 1123; Matter of Adams [Government Employees Ins. Co.], 52 AD2d 118).
Actually, there is no opposition to this motion by any party. Further, as appears from a supplementary affidavit submitted on behalf of GEICO, and a further affirmation in opposition submitted on behalf of plaintiff, GEICO and plaintiff have agreed that GEICO is entitled to a lien, that this lien will be in the reduced amount of $35,000 and that this lien is applicable only to the extent of any payment by the city of the judgment entered against it. Accordingly, GEICO’s motion is granted and it is given a lien, pursuant to subdivision 2 of section 673 of the Insurance Law, in the amount of $35,000 to the extent of any payment by the city of the judgment entered against it.
With respect to Ferraro’s motion, the court observes that subdivision 1 of section 673 of the Insurance Law reads, in part, as follows: “Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery * * * for basic economic loss.” The purpose of this subdivision is also to avoid a double recovery since a covered plaintiff suing a covered defendant will presumably have recovered his basic economic loss as first-party benefits (Insurance Law, § 671, subds 1, 2).
The only opposition to this motion, made pursuant to subdivision 1 of section 673 of the Insurance Law, is from plaintiff who seems to argue that subdivision 1 is inapplicable because subdivision 2 is applicable. However, the mere fact that subdivision 2 is applicable with respect to the lien of GEICO on any payments made by the city, a noncovered person, does not mean that subdivision 1 is inapplicable as to a covered person such as Ferraro. Both subdivisions may come into effect where there is a recovery *463 against both a covered person and a noncovered person. Plaintiff further argues that since Ferraro’s insurance carrier did not pay out any first-party benefits, Ferraro should not be entitled to any reduction in the verdict rendered against him. However, subdivision 1 is not couched in terms of what person may have paid the first-party benefits, but is aimed at precluding a recovery by a plaintiff of basic economic loss “in any action by or on behalf of a covered person”. Accordingly, Ferraro’s motion is granted* and any judgment against him is to be reduced by $50,000 to the principal amount of $2,075,000.
Despite this reduction, plaintiff is not, as he claims, being treated inequitably or unjustly. It is unquestioned that the verdict in the amount of $2,125,000 includes basic economic loss of $50,000. GEICO has, in fact, paid $50,000 in first-party benefits. Thus, plaintiff is getting the benefit of this sum of $50,000 paid out as first-party benefits. This sum, added to $2,075,000 would result in a total sum of $2,125,000, the amount of the verdict. Plaintiff, of course, has the right to recover “the total amount of his damage suffered and not compensated” against any defendant (Kelly v Long Is. Light. Co., 31 NY2d 25, 30).

 The court notes that Levin, a covered person, has not made a similar motion to reduce. The court observes that the attorneys making the motion for GEICO (which, as already pointed out, has reduced the amount of its claim for a lien from $50,000 to $35,000) are also the attorneys for Levin.