CITY OF POUGHKEEPSIE, Appellant, v JOHN GARLEPP, Respondent, et al., Defendants.

Third Department, June 28, 1990

**APPEARANCES OF COUNSEL**

*Richard I. Cantor* for appellant.

*Satz & Kirshon (Michael Kirshon* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

In its action brought pursuant to General Municipal Law § 207-c (6), plaintiff seeks reimbursement for wages and medical expenses it has paid to Police Officer Robert Holden, an employee of plaintiff, on account of injuries he sustained in an accident that resulted from a police chase of a vehicle operated by defendant John Garlepp (hereinafter defendant) on September 14, 1985.* In the chase both drivers lost control of their respective vehicles. Holden's police car ran into a ditch and struck a telephone pole. His injuries are claimed to have prevented his return to duty as a police officer, and as of the date of the complaint, plaintiff had paid Holden $85,714.64 in wages and $39,151.29 in medical expenses. Prior to filing his answer, defendant moved for dismissal of the complaint pursuant to CPLR 3211 (a) (5) and (7), claiming that the suit was barred by the Statute of Limitations and that the complaint failed to state a cause of action.

Defendant's claim in relation to the Statute of Limitations has no merit, as Supreme Court properly found. The record reveals that the County Sheriff was served with process on September 6, 1988, thereby extending the Statute of Limitations by 60 days (CPLR 203 [b] [5]). Substitute service was effected on September 9, 1988 when a copy of process was left at defendant's actual residence with his father, and defendant was personally served on September 16, 1988.

As to the issue of legal insufficiency, Supreme Court granted defendant's motion to dismiss the complaint, citing

---

* Defendant subsequently pleaded guilty to driving while impaired, speeding, reckless endangerment in the second degree and possession of stolen property in the third degree.

*Incorporated Vil. of Freeport v Sanders* (101 AD2d 808). Based on this authority, Supreme Court considered Insurance Law articles 51 and 52 as limitations under the No-Fault Law on the right of recovery granted to municipalities pursuant to General Municipal Law § 207-c (6), and determined that the limitations barred plaintiff's suit. We disagree.

■■ Plaintiff's cause of action pursuant to the General Municipal Law seeks reimbursement for sums actually paid as salary or wages and for medical treatment and hospital care from a defendant tort-feasor against whom the policeman has a cause of action for injuries sustained. The amount alleged at the time of the filing of plaintiff's complaint clearly exceeds the statutory limitation for basic economic loss imposed by the No-Fault Law, and the complaint alleges that the police officer was severely and permanently injured. Supreme Court held that the police officer was a "covered person" and as such could not maintain an action for basic economic loss under the authority cited above, and that this bar extended to plaintiff's action here, since it is derivative in nature. According to Insurance Law § 5104 (a), a "covered person" has no right of recovery for noneconomic loss, except in case of a serious injury, or for basic economic loss. However, this limitation applies only when the action by a "covered person" is brought against another "covered person". A "covered person" is defined as "any owner, operator or occupant of, a motor vehicle which has in effect the financial security required" (Insurance Law § 5102 [j]). Although the police officer qualifies as a "covered person", this defendant does not, since, as it was alleged in the amended complaint, he was operating an uninsured motor vehicle. The statutory limitation of Insurance Law § 5104 (a) does not, therefore, apply to plaintiff's action *(see, Matter of Adams [Government Employees Ins. Co.],* 52 AD2d 118, 120). Insurance Law § 5104 (b) provides for actions by a "covered person" against a "non-covered person". In such an action this subdivision gives a lien to an insurer which has paid or is liable for first-party benefits on account of such injuries against any recovery to the extent of the benefits paid or payable by it to the "covered person". The failure of the "covered person" to bring such an action within two years after accrual gives the insurer a cause of action for the amount of the first-party benefits paid or payable against any person who may be liable to the "covered person" for his personal injuries *(Matter of Adams [Government Employees Ins. Co.], supra).* Nothing contained in this subdivision bars or

limits plaintiff's suit here. To the contrary, *Matter of Adams (Government Employees Ins. Co.) (supra)* permitted an action for basic economic loss to proceed when the defendant was an uninsured and a noncovered person.

The Court of Appeals held in *Aetna Life & Cas. Co. v Nelson* (67 NY2d 169) that: "[Insurance Law § 5104 (b)] offers an insurer two means for recouping first-party benefits paid to a covered person for injuries caused by a noncovered person. * * * First, the insurer has the right to proceed directly against the tort-feasor, a right akin to the common-law right of subrogation * * *. Second, the insurer may proceed against the injured party by asserting a lien against any recovery obtained by that party from the tort-feasor" *(supra,* at 174; *see also, Montgomery v Daniels,* 38 NY2d 41, 47, 62). If, as alleged here, defendant's vehicle is uninsured, its owner is not a "covered person" and plaintiff's common-law tort action is in no way diminished by the provisions of the No-Fault Law *(see, Matter of Dean v Nationwide Mut. Ins. Co.,* 75 AD2d 984).

Contrary to the interpretation of Supreme Court, *Incorporated Vil. of Freeport v Sanders* (101 AD2d 808, 809, *supra)* specifically limited its application to situations involving an action by a covered person "against *other covered persons"* (emphasis supplied). Plaintiff's action is, therefore, not limited by Insurance Law § 5104.

In regard to Insurance Law article 52, Supreme Court's dismissal of plaintiff's suit was based on a finding that the police officer and, therefore, plaintiff were "qualified persons" entitled to no-fault benefits. A "qualified person" is defined as a "resident of this state, *other than* an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative" (Insurance Law § 5202 [b] [i]). An "insured" is defined as a person who is protected by the uninsured motorist endorsement required pursuant to Insurance Law § 3420 (f) (Insurance Law § 5202 [i]). In *Matter of Kenyon* (105 AD2d 530), this court held that the terms "insured" and "qualified" individuals are mutually exclusive terms. As an "insured", neither the police officer nor plaintiff can be considered a "qualified person".

Inasmuch as Insurance Law articles 51 and 52 do not bar plaintiff's cause of action here, the order of Supreme Court should be modified by reversing so much thereof as dismissed the complaint.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant John Garlepp dismissing the complaint against him; said motion denied; and, as so modified, affirmed.