■ AMERICAN BOILER TANK & WELDING COMPANY, INC., Respondent, v BELOIT CORPORATION, BELOIT JONES DIVISION, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered March 7, 1991 in Albany County, upon a decision of the court in favor of plaintiff.

In January 1989, plaintiff and defendant contracted to have plaintiff construct a steel pulper tank for use in defendant's paper producing business. To this end, defendant provided plaintiff with specifications for the tank, which included certain welding qualifications and called for passivation or acid cleaning of the tank. Construction was apparently completed without passivation, and in April 1989 plaintiff asked defendant to make a final inspection. Defendant then listed repairs to be undertaken before shipment and plaintiff allegedly complied. Soon thereafter, defendant requested that plaintiff ship the tank to Allphase, Inc. for passivation. Plaintiff agreed but disclaimed any responsibility for the tank. Allphase discovered defective welds in the tank and, at defendant's request, repaired them. Defendant offset the work done by Allphase against what it owed plaintiff. Plaintiff then commenced the instant lawsuit to recover the full contract price from defendant.

After a nonjury trial, Supreme Court found that "[t]he tank materially cleared defendant's final inspection and the plaintiff is therefore entitled to recover the cost of the work it performed". Supreme Court also held, however, that defendant, having shown at trial that some of plaintiff's tank welds fell below industry standards, was allowed to offset the cost of their repair. Supreme Court then determined that $4,504.13 was the value of the replacement or repair of substandard

welds. Plaintiff was awarded the full contract price less an offset of $4,504.13, an amount defendant challenges now on appeal.

Defendant contends that Supreme Court's determination of the offset was against the weight of the evidence and based on an erroneous application of law. Supreme Court apparently based its determination on a certain portion of the Allphase charges that defendant incurred for weld repairs. Not all the trial exhibits are before us on appeal, particularly the Allphase invoices, and we cannot from the record before us ascertain how Supreme Court determined the offset, which was apparently calculated to be a measure of those repairs undertaken by Allphase to welds made by plaintiff that fell below industry standards. Because we conclude that the record is insufficient to allow intelligent review of Supreme Court's determination, we remit for clarification by the court of its findings and conclusions relative to the offset award *(see, Owens v State of New York,* 96 AD2d 630, 631).

Weiss, Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.