THIRD DEPARTMENT, FEBRUARY, 1993

(February 4, 1993)

■ AMERICAN BOILER TANK & WELDING COMPANY, INC., Respondent, v BELOIT CORPORATION, BELOIT JONES DIVISION, Appellant.—Mahoney, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered March 7, 1991 in Al-

bany County, upon a decision of the court in favor of defendant.

When this contract litigation previously was before us, we concluded that the record was insufficient to determine how Supreme Court calculated the $4,504.13 offset award which defendant was challenging on appeal (177 AD2d 905). Accordingly, we withheld decision and remitted the matter to that court for clarification of its findings and conclusions relative to the award. Upon remittal, the matter was considered by a different Judge (Keegan, J.), following which Supreme Court issued a decision determining that the offset amount was correct and explaining in detail the method by which it was calculated.

Following rendition of the decision, defendant continued to maintain that Supreme Court's crediting of plaintiff's testimony regarding the labor hours involved in repairing the tank, which figure played a key role in calculating the dollar amount of the offset, was against the weight of the evidence. We disagree. While a review of the record reveals the parties' testimony on this subject to be in conflict, plaintiff arguing that only 80 labor hours were involved and defendant claiming 450 hours, in our view a fair interpretation of the evidence supports the 80-hour figure credited by Supreme Court. Most significant to our conclusion in this regard is the fact that the testimony of defendant's witnesses can be viewed as supportive of the 80-hour figure. One of defendant's witnesses indicated that 50% to 60% of the uncontroverted 300 feet of welds (i.e., 180 feet) were replaced and that the rewelding process takes approximately 20 to 25 minutes per linear foot. Using these figures results in 67.5 hours of labor attributable to welding (180 feet $\times$ 22.5 minutes per foot). When this amount is increased by 15%, the percentage of time the company performing the repairs indicated was attributable to quality control and supervision, the result is 77.6 hours, a figure which closely approximates the 80 hours credited by Supreme Court. In view of this and taking into account the presence of other internal inconsistencies in defendant's proof, we see no reason to disturb Supreme Court's findings.

Weiss, P. J., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.