James WALSH and Anna Walsh, Plaintiffs,

v.

DURKIN BROTHERS, INC. and Thomas Durkin, Defendants.

No. 96 Civ. 0079(WCC).

United States District Court, S.D. New York.

Oct. 16, 1997.

Klein & Folchetti, White Plains, NY (Robert W. Folchetti, of counsel), for Plaintiffs.

Wilson, Bave, Conboy, Cozza & Couzens, P.C. White Plains, NY (William H. Bave, Jr., of counsel), for Defendants.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiffs James and Anna Walsh bring this action seeking damages sounding in common law tort against defendants Durkin Brothers, Inc. ("Durkin Bros.") and Thomas Durkin ("Durkin"). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendants move for summary judgment under FED.R.CIV.P. 56 on the ground that New York's "no-fault" automobile insurance law bars plaintiffs' claims. For the reasons stated below, the motion is denied.

## BACKGROUND

Unless otherwise noted, the following facts are undisputed. On May 25, 1994, Mr. Walsh was struck with the rear door of a van, while loading the vehicle in the course of his employment. Prior to loading the van, Walsh had carried a crate of parts to the van and then opened the right rear door, to load the van. Walsh unlatched and released the left rear door. After releasing the door, Walsh reached inside the van, still holding the crate. Durkin then pushed the right

door, and it shut on Mr. Walsh's arm.[1] As a result of this incident, Mr. Walsh sustained injuries to his right arm and wrist, the extent of which is disputed by the parties. Plaintiffs then filed this action on January 5, 1996, Mr. Walsh claiming "serious and permanent personal injuries," and his wife claiming loss of consortium, based on the negligence and "other culpable conduct" of defendants.

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment is appropriate "only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact." *Cable Science Corp., v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2d Cir.1990). A fact is material if, on the basis of that fact, "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed, and all inferences drawn, in the light most favorable to the non-moving party. *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d Cir.1988). The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### II. *New York's No–Fault Insurance Law*

■ Defendants assert that the "Comprehensive Automobile Insurance Reparations Act," commonly known as New York's "no-fault" insurance law, N.Y. INSURANCE LAW, § 5101 *et seq*, (McKinney's 1985 & Supp. 1997), bars plaintiffs' case and that therefore, summary judgment should be granted. According to New York's no-fault insurance law,

---

1. Among other things, plaintiffs contend that the door struck Mr. Walsh on account of defendants' negligence, whereas defendants claim that "as [Durkin] was walking toward the ... van, the

door suddenly opened toward him and he [Durkin] reflectively [sic] pushed it away." Compl. ¶¶ 16–17; Aff. of William H. Bave, dated 4/18/97, ¶ 3 ("Aff.").

[n]otwithstanding any other law, *in any action by or on behalf of a covered person against another covered person* for personal injuries arising out of negligence in the use or operation of a motor vehicle in [New York], there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.

N.Y. INSURANCE LAW § 5104(a) (emphasis added).

As the Court understands defendants' argument, New York's no-fault insurance law bars plaintiffs' claims because the criteria triggering the statute have been met, namely, plaintiffs have alleged negligence, "arising out of . . . the use or operation" of a motor vehicle. Furthermore, defendants contend, plaintiffs, as a matter of law, have failed to plead "serious injury," as required to sustain an action for non-economic loss.

We need not address this argument, however, because defendants have failed to demonstrate that the no-fault insurance law applies to this case. Section 5104(a) clearly applies only to actions between "covered person[s]," *see Cole v. United States,* No. 85 Civ. 5295, 1986 WL 5805, at * 4 (S.D.N.Y. May 16, 1986), yet defendants have failed to demonstrate—or even allege—that they are "covered persons" within the meaning of this provision.

According to the no-fault insurance law:

"Covered person" means any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by article six or eight of the vehicle and traffic law or which is referred to in subdivision two of section three hundred twenty-one of such law; or any other person entitled to first party benefits.

N.Y. INSURANCE LAW § 5102(j).

Defendants are not covered persons unless they owned, operated or occupied the van at issue in this case at the time the incident occurred, or unless Durkin was a pedestrian injured through the use or operation of the van. Neither party alleges that defendants owned, operated or occupied the vehicle in their motion papers, or that Durkin was injured as a pedestrian.

First, neither party claims that defendants owned the van. To the contrary, plaintiffs' assert that Mr. Walsh's employer owned the van. Compl. ¶¶ 12, 14. Defendants have submitted no evidence to the contrary. *See* Answer ¶ 5. According to New York law, for the purposes of the no-fault insurance law, an "owner" is the owner of the vehicle at issue in the case, regardless of whether the person owns other insured vehicles. *See, e,g., Hyde v. North River Ins., Co.,* 92 A.D.2d 1001, 1002, 461 N.Y.S.2d 468, 469–70 (3d Dep't 1983) (concluding that since no county-owned vehicle was involved in the case, county was not a covered person). Thus, it is clear that defendants did not own the van.

Neither do the parties claim that Durkin operated the van at the time of the incident or that he was injured during the use or operation of the van. *See* Pls.' Men. at 6. Concededly, defendants admit that "the incident occurred as [Durkin] was walking toward the rear of the van, [and] the door suddenly opened and he reflectively [sic] pushed it away." Aff. ¶ 3. Defendants, however, do not suggest that Durkin was operating the van, by way of this "reflexive" action. In fact, while defendants' memorandum asserts that Mr. Walsh's "injury arose from the use or operation of a motor vehicle," their position seems to be that Mr. Walsh, and not Durkin, was operating the van at the time of the incident. *See* Defs.' Mem. at 2 ("At the time of the injury plaintiff was in the process of loading his truck. The instrumentality of the injury was the rear door of the vehicle. . . . [T]he injury arose from the use or operation of a motor vehicle . . . it occurred . . . during the act of loading. . . ."). We conclude that Durkin was not operating the van merely because he "pushed [the door] away." *See* Dep. of James Walsh, at 49, ¶¶ 5–6 ("Dep."). Neither party claims that Durkin was injured at anytime. *See id.* at 49, ¶¶ 24–25; 50, ¶¶ 19–23.

■ Finally, based on the facts before us, defendant can not be said to have occupied the van at the time of the incident. While defendant may have entered the van sometime during the morning of May 25, *see* Dep.

at 41, ¶¶ 8–10, it is uncontroverted that at the time of the incident, he was standing outside the van. *See* Aff. ¶ 3 ("Defendant claims that the incident occurred as he was walking toward the rear of the van...."). As a matter of law, under the no-fault statute, the "definition of 'occupant' does not extend to situations involving vehicle-oriented conduct outside the vehicle, such as entering or leaving the vehicle." Dunham, ed., 3 DUNHAM N.Y. INSURANCE LAW §§ 50.03[1][b], 50.05[8] (1996) (citing *Colon v. Aetna Casualty & Sur. Co.,* 48 N.Y.2d 570, 423 N.Y.S.2d 908, 399 N.E.2d 938 (1980)).

 Because defendants have suggested no basis upon which the Court could find them to be "covered persons," within the meaning of the no-fault insurance law, we conclude that the law does not apply in this case.[2] *Goodkin v. United States,* 773 F.2d 19, 22 (2d Cir.1985) ("By [its] terms, [section 5104(a)] appl[ies] only to actions between covered persons."); *Cooper v. United States,* 635 F.Supp. 1169, 1173 (S.D.N.Y.1986) (following *Goodkin* to permit common law action). Because the no-fault insurance law is a statute in derogation of the common law, the law must be strictly construed. N.Y. STATUTES § 301 (McKinney's 1971). Plaintiffs tort claims may therefore proceed, because the common law remedies against noncovered persons remain unaffected by New York's no-fault insurance law. *See, e.g., Biette v. Baxter,* 57 N.Y.2d 698, 454 N.Y.S.2d 535, 440 N.E.2d 534 (1982) (allowing common law claims against manufacturer whose product aggravated injury where manufacturer was a noncovered person); *City of Poughkeepsie v. Garlepp,* 158 A.D.2d 120, 558 N.Y.S.2d 663 (3d Dep't 1990) (traditional rights against noncovered persons are "in no way diminished by the no-fault law").

Since defendants have failed to allege or suggest any factual basis for a determination

that they are covered persons under the no-fault insurance law, their motion for summary judgment, based on the operation of the statute, must fail. *See Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. Because defendants have entirely failed to meet this burden, their motion for summary judgment is denied.

SO ORDERED.

---

2. Because the Court concludes that the no-fault statute does not apply to this case, we need not determine whether plaintiffs, as matter of law, have alleged "serious injury," as required by section 5104(a). While perhaps relevant to the issue of damages, proof of serious injury is not required to make a *prima facie* case for common law tort. *See, e.g., Cole,* 1986 WL 5805, at * 7 (holding that noncovered plaintiff "is not re-

quired to meet the 'serious injury' threshold" to maintain action for non-economic loss); *Dean v. Nationwide Mutual Ins., Co.,* 75 A.D.2d 984, 429 N.Y.S.2d 93 (4th Dep't 1980) (determining that failure to plead serious injury "did not curtail ... right to recover damages for pain and suffering"); *Millan v. Lau,* 99 Misc.2d 630, 420 N.Y.S.2d 529 (1979) (declining to apply "serious injury" requirement to common law claims).